IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:17-CV-860-WHA |
| | ) [WO] |
| JOHNS, CHARLES KELVIN, | ) |
| #154 434, | ) |
| | ) |
| Defendant. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Charles Johns, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed this *pro se* notice of removal on December 21, 2017.[1] Johns seeks to remove this case under 28 U.S.C. § 1443(1), which provides for removal of criminal cases that involve denial or non-enforcement in state court of "a right under any law providing for . . . equal civil rights."[2] According to the complaint, criminal charges were brought against Johns in the Circuit Court for Pike County, Alabama, when he asserted his right as a black citizen to secure

---

[1] Although the Clerk stamped the present complaint "filed" on December 21, 2017, Johns signed his complaint on December 20, 2017. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993). In light of the foregoing and for purposes of the proceedings herein, the court considers December 20, 2017, as the date of filing.

[2] Johns did not submit a filing fee with his notice of removal nor did he request leave to proceed *in forma pauperis*. Generally, in civil actions, "[b]ecause removal to federal court constitutes an initial case filing, the removing party is required to pay the [statutory] filing fee." *Hagner v. Seminole Cnty.*, No. 6:07–CV–1464–ORL–31AUM, 2007 WL 3407387, at *3 (M.D. Fla. Nov. 13, 2007) (citing 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350"). In *Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964), however, the court held that "[f]iling fees are not to be collected in connection with criminal removal petitions." *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent in the Eleventh Circuit all decisions issued by the Fifth Circuit before October 1, 1981).

funds held in his name at the First National Bank of Brundidge ("FNBB"). Specifically, Johns alleges that based on his race, the president of FNBB refused to provide him with any information about his account or funds in question or otherwise allow him access to the funds and directed local law enforcement officials to arrest him based on his attempt to secure funds held in his name.[3] Johns asserts that events during and after his arrest "resulted in criminal charges under the color of state law which are prohibited under the impairment provisions of 42 U.S.C. § 1981(c)." Doc. 1 at 1–2. Upon review of the notice of removal, the court concludes this case is due to be remanded to state court.

## I.  DISCUSSION

### A. Procedural Requirements

The procedure for the removal of criminal prosecutions is governed by 28 U.S.C. § 1455. The court has reviewed Johns' notice of removal and the attached exhibits and also taken judicial notice of Johns' criminal court proceedings from the Alabama Trial Court System online records database hosted at http://www.alacourt.com. From this review it is clear that Johns has failed to adhere to the procedural requirements for removal of a state criminal action.

---

3  Johns states he received notice from the Alabama Department of Human Resources ("DHR") of a "lien/levy" they had placed for over $21,000.00 on an asset (property) he owned in Brudidge, Alabama. Surprised by this information because "he had never personally place any such amount in any bank," Johns, "like any white citizen who is advised [but unaware] he has money/funds at bank," went to the bank to obtain more information about the account and "to secure access to the money held under his name." Doc. 1 at 3. Johns' description of the notice received from DHR reflects a misunderstanding of its content. A lien is a notice attached to a person's property and is typically a matter of public record indicating a creditor claims the individual owes it some money. Similarly, a levy occurs when a creditor obtains a judgment which allows the creditor to take certain items of the individual's personal property in order to get paid in satisfaction of debt owed. *Available at https://www.nolo.com/legal-encyclopedia/*.

A criminal defendant seeking removal must file a notice "signed pursuant to Rule 11, *Federal Rules of Civil Procedure*, [ ] containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). Unless the court finds good cause has been shown for untimely filing, the notice must be filed "not later than 30 days after the arraignment [of the defendant] in the State court, or at any time before trial, whichever is earlier...." *Id*. § 1455(b)(1). The district court in which the notice of removal is filed must examine the notice promptly and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*. § 1455(b)(4).

Johns has failed to submit a "copy of all process, pleadings, and orders served upon [him] in [the] sate action." *See* Doc. 1-2. Additionally, review of the state court record regarding the criminal offenses made the subject of this petition reflects Johns was arrested on October 28, 2016, on charges of making terrorist threats, resisting arrest, and disorderly conduct and was arraigned on these charges on October 30, 2017. On November 8, 2017, he entered a plea of guilty to Making Terrorist Threats and was sentenced to fifteen years as a habitual offender. The trial court directed the sentence to run concurrent with the six months sentence imposed on Johns' November 8, 2017, guilty plea to resisting arrest.[4] Johns filed his notice of removal on December 20, 2017, over thirty days after both arraignment and entry of judgment on the challenged offenses. Johns has not presented good cause that may excuse his untimely filing of the notice of removal. In light of the foregoing, it is clear Johns did not comply with § 1455(b)(1)'s temporal requirement for removing a state criminal prosecution nor has he presented good cause that may excuse his filing of the

---

4  Johns' offense for disorderly conduct was nolle prossed.

3

notice of removal outside the specified time period. Accordingly, the instant action is due to be dismissed and remanded to state court on its untimely removal.

**B. Removal Under 28 U.S.C. § 1443**

Even had Johns filed a timely notice of removal, he fails to meet the requirements for removal under 28 U.S.C. § 1443(1). Under this statute, a civil action or criminal prosecution may be removed from a state court to a federal district court when the state action is:

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law.

28 U.S.C. § 1443.[5]

To properly remove a state court action to federal court under § 1443, "the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Alabama v. Conley*, 245 F.3d 1292, 1294 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "[T]he petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (quoting *Georgia*, 384 U.S. at 794). As explained, Johns' argument for removal under §1443(1) bears upon his contention he was "impaired" in his right to obtain funds at FNBB by a private actor—the bank president—who was motivated by Johns' race and who then directed local law enforcement officials to arrest Johns. According to Johns, the subsequent state criminal charges were for

---

[5] 28 U.S.C. §1443(2) is inapplicable to this case because it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *See City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966) (footnote omitted).

4

"purported" events which occurred after his arrest based on race "and have no bearing upon the impairment to [Johns'] civil rights that w[ere] initiated by [FNBB's president] when he directed that arrest" in violation of 42 U.S.C. § 1981(c).[6]  Doc. 1 at 6. Johns' arguments are convoluted, but as best can be discerned, he claims he was engaged in conduct entitled to equal protection of the law and that events during and after his arrest resulted in criminal charges prohibited under the impairment provisions of 42 U.S.C. § 1981(c) because the basis for his arrest was precipitated by the racially motivated conduct of the bank president—a non-state actor. Doc. 1 at 2.  Johns maintains that § 1981(c) offers him protection from the baseless criminal charges lodged against him which resulted from "impairment caused by [the bank president] as a non-government actor and from impairment brought by the subsequent impairment of charges brought under 'color state law' as result of the initial impairment by [the bank president.]" *Id.* at 7.

Here, Johns, in accordance with 28 U.S.C. § 1443(1), must show he relies upon a law providing for equal civil rights stated in terms of racial equality. *Rachel,* 384 U.S. at 792. Assuming, *arguendo,* that Johns has sufficiently stated a cause of action under 42 U.S.C. § 1981, *see City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966) (§ 1981 falls within statutory definition of § 1443(1)), he fails to meet the second requirement under the civil rights exception

---

6  42 U.S.C. § 1981 provides:
   **(a) Statement of equal rights**

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
   . . .
   **(c) Protection against impairment**

       a.  The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

because he fails to point to any state law or other "equally firm prediction" that indicates he would be prevented from enforcing his § 1981 rights in state court, or that the state courts have otherwise denied him any specific civil right arising from a federal law providing for that right stated in terms of racial equality. *See Rachel*, 384 U.S. at 800, 804 (holding that "removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts."); *Conley*, 245 F.3d at 1294; *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (holding on review of an application under § 1443(1) that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."). The mere allegation of racial discrimination does not allow a federal district court to consider otherwise unremovable actions. *Peacock*, 384 U.S. at 832.

> As explained by the Court in *Peacock*:
>
> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

384 U.S. at 827–828.

Johns has not shown there is a state law preventing him from raising his federal claims in state court, nor has he shown the basis for an "equally firm prediction" that he cannot protect his

6

federal rights in state court regarding the allegations in the instant notice of removal. Further, to the extent the state court has already issued a final judgment regarding the challenged offenses, "[t]he *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although there is no reason to believe the Alabama state courts will not duly respect and enforce Johns' federal rights, any challenge he seeks to make in this regard is appropriate through filing a petition seeking direct review in the United States Supreme Court.[7] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal courts "do not have jurisdiction [] over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in th[e] [Supreme] Court.").

## II. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case be DISMISSED and REMANDED to the Circuit Court for Pike County, Alabama, for further proceedings.

It is further

ORDERED that any objections to the Recommendation may be filed **on or before April 6, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be

---

[7] There is also no indication Johns cannot seek to vindicate his rights regarding any criminal convictions which have become final in the state circuit court through Alabama's state appellate courts.

considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 19th day of March 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE