IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2:17cv860-WHA |
| ) | [WO] |
| JOHNS, CHARLES KELVIN, ) | |
| ) | |
| Defendent. ) | |

# **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #2), and the Defendant's Objections thereto (Doc. #3).

Upon a de novo review of the record and consideration of the Recommendation and the Objections to the Recommendation, the court finds the Objections to be without merit.

Charles Johns is an inmate incarcerated in Union Springs, Alabama who filed a pro se Notice of Removal of criminal cases from the Circuit Court for Pike County, Alabama, on December 21, 2017 pursuant to 28 U.S.C. §1443(1). He alleges in his Notice of Removal that he was denied on the basis of his race the ability to access funds in a bank account. Johns alleges that based on his race, the president of a bank refused to provide him with any information about his account or funds in question or otherwise allow him access to the funds and directed local law enforcement officials to arrest him based on his attempt to secure funds held in his name. Johns was arrested and charged with Making Terrorist Threats, Resisting Arrest, and Disorderly Conduct. There were several state court criminal case numbers associated with Johns-- cc-2016-278.00, cc-2016-279, and cc-2016-280. On

November 8, 2017, he pled guilty to Making Terrorist Threats and Resisting Arrest, and the third charge was nol prossed, in state court.

Johns attached to the Notice of Removal the October 27, 2016 indictment against him for Making Terrorist Threats, Resisting Arrest, and Disorderly Conduct; December 14, 2016 Orders in case cc-2016-280 and cc-2016-278; and a copy of the docket sheets in cases cc-2016-278, cc-2016-279, and cc-2016-280. The dockets refer to court Orders which are not attached to his notice of removal. Attached to his Objection to the Recommendation of the Magistrate Judge are a letter referring to an appeal being returned, a filing in the Alabama Court of Civil Appeals labeled a "Conversion Claim," and a Notice of Appeal in 2016-278 and 2016-279.

The Magistrate Judge reviewed the removal and entered a Report and Recommendation that this court remand the case. The Magistrate Judge reasoned that the removal was untimely under the statute, which requires that the case be removed not later than 30 days after the arraignment in state court or at any time before trial, unless good cause is shown. 28 U.S.C. §1455. The Magistrate Judge also reasoned that Johns failed to comply with a requirement that the process, pleadings, and orders in the state court action be filed, and that Johns did not meet the statutory requirements of 28 U.S.C. §1443(1). The Magistrate Judge finally concluded that Johns's argument for removal is based on his contention that his right to obtain funds at a bank by the private actor, the bank president, on the basis of race, which then led to criminal charges, but he has not shown that there is a state law which prevents him from raising his federal claims in state court.

Johns filed his Notice of Removal in the instant case more than thirty days after arraignment. (Doc. #1-2). In fact, the Notice of Removal was filed more than thirty days after judgment was entered on November 8, 2017. (Doc. #3-3, 3-4).

In his Objections to the Recommendation, Johns argues that his removal was timely because it was filed within the statutory limits, albeit in a different case, and was dismissed in that case without prejudice. Johns also argues that the state courts have indicated that they cannot enforce Johns's §1981 rights which were denied when he was not allowed to use his funds at the bank, and so has provided a basis, race discrimination, for his removal.

This court agrees with the Recommendation of the Magistrate Judge that the removal is untimely, having been filed in this case well after judgement, without good cause shown for the untimeliness. The case to which Johns refers as including a timely notice of removal is a civil case brought in this court against the Alabama Department of Human Resources. *See Johns v. Alabama Dept. of Human Resources*, 2:16cv447-MHT. During the course of that case, Johns sought to amend the complaint and to bring additional claims. The reference in that case to removal under 28 U.S.C. §1443(1) of a criminal case pending in Pike County Circuit Court is contained within the proposed Amended Complaint, in the form of requested relief, near the end of the 80 page proposed amendment, and no filings from state court are attached. While Johns is correct that the case was dismissed without prejudice on September 29, 2017, the motion to amend which included the reference to removal of a criminal case was denied, and the amended complaint was never made a part of the case. (Doc. #46, 47). This court cannot conclude that good cause has been shown for his untimeliness.

As to the requirement that the state court's orders be attached, Johns submitted a few documents, and argues that his attorney was served with the state court case documents, but he did not have those documents. Johns, however, has not demonstrated that he was unable to obtain copies of court orders.

Even assuming that Johns's removal was procedurally proper, Johns has not shown that the two-pronged test articulated in *Georgia v. Rachel*, 384 U.S. 780 (1966) for removal has been met. First, a defendant must show "that the right upon which [he] rel[ies] is a 'right under any law providing for ... equal civil rights.' " *Rachel*, 384 U.S. at 788 (quoting § 1443(1)). Second, the defendant must show that he is " 'denied or cannot enforce' that right" in the state court in which the action currently sits. *Id.*

This case is somewhat similar to *Alabama v. Thomason*, No. 2:15cv327-WKW, 2015 WL 3849637 (M.D. Ala. June 22, 2015) (Watkins, J.), in which the defendant was prosecuted for violating licensure laws. The court reasoned that the licensure laws were facially-neutral and that "the vindication of [the defendant's] federal rights is appropriately left to the state court because those rights, if they are being denied, are not being denied by the mere act of bringing him to trial." Similarly, in this case, Johns's prosecution in state court and subsequent guilty plea to Making Terrorist Threat and Resisting Arrest were pursuant to facially-neutral state criminal laws. The alleged violation of civil rights by the president of the bank, which Johns identifies as being a violation of civil rights when he attempted to access funds in a bank account, is not a violation of civil rights denied by the act of bringing him to trial, and is best vindicated in state court.

Accordingly, it is ORDERED that:

1. The Objections are OVERRULED.

2. The Magistrate Judge's Recommendation (Doc. # 2) is ADOPTED to the extent that the case is REMANDED to the Circuit Court of Pike County, Alabama.

3. The Clerk is DIRECTED to take the necessary steps to effectuate the remand.

DONE this 18th of April, 2018.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE